UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:12-cr-26-FtM-29DNF

STEPHEN M. LOVELL

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Correct Scrivener's Error in Defendant's Judgment in a Criminal Case (Doc. #467) filed on April 7, 2015. Defendants seeks to correct a Scrivener's error in his August 14, 2013, Judgment in a Criminal Case (Doc. #422) arguing that the Judgment fails to correctly convey the Court's oral decision at sentencing because the written Judgment adds the language "at least" for the $25 quarterly payment when working in a non-UNICOR job.

Under Federal Criminal Rule of Procedure 36, the Court may correct a clerical error "at any time" in a judgment or order "arising from oversight or omission." Fed. R. Crim. P. 36.

On day two of sentencing, on August 14, 2013, the Court imposed restitution as follows:

> You will be required to pay restitution in the amount of $66,088.18, which is due immediately payable to the clerk of the United States District Court for the distribution to the victims.
>
> Restitution will be jointly and severally with the co-defendants in the case.

> While you are in the Bureau of Prisons, you will be required to pay **either $25 quarterly** if you have a non-UNICOR job, or pay at least 50 percent of your monthly earnings if you do have a UNICOR job.
>
> Upon your release from custody, your financial circumstances will be evaluated, and the Court may establish a new payment schedule accordingly. At any time, either you, the Government, or any victim may request the Court to change the payment schedule.
>
> You will be required to pay the special assessment, that's $100, and that's due immediately.

(Doc. #449, p. 27, ll. 7-23)(emphasis added). The Judgment in a Criminal Case (Doc. #422) issued on the same day set forth a Schedule of Payments and as relevant here states:

> While in the custody of the Bureau of Prisons, the defendant shall **either (1) pay at least $25 quarterly** if working non-Unicor or (2) pay at least 50 percent of his monthly earnings if working in a Unicor position. Upon release from custody, the defendant is ordered to begin making payments of 10% of his monthly income in equal monthly installments, as determined by Probation, and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the defendant's ability to pay.

(Doc. #422, p. 5)(emphasis added). "When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009) (quoting United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000)). In this case, the oral pronouncement unambiguously conflicts with the

written judgment, and therefore the oral pronouncement governs unless statutory authority mandates "at least" $25 quarterly payments towards restitution.

The Mandatory Victim Restitution Act of 2006, 18 U.S.C. § 3663A, does not set forth a minimum payment schedule and therefore poses no bar to a $25.00 quarterly payment. Additionally, assuming defendant is a grade 5 inmate, the Inmate Financial Responsibility Program states that the minimum payment is ordinarily $25.00 per quarter, and the "minimum payment may exceed $25.00", 28 C.F.R. § 545.11(b)(1). Therefore, a $25 quarterly payment is appropriate. The Court will grant the motion and direct the entry of an amended judgment.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Correct Scrivener's Error in Defendant's Judgment in a Criminal Case (Doc. #467) is **GRANTED** and the Clerk is directed to issue an Amended Criminal Judgment deleting "at least" before $25.00 under Schedule of Payments and otherwise leaving all other components of the sentence as previously imposed.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2015.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record
U.S. Probation